**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **DAVID A. HARRIS,**<br><br>                    Plaintiff,<br>        *v.*<br><br>**UNITED STATES DEPARTMENT OF STATE, et al.,**<br><br>                    Defendants. | **CIVIL ACTION**<br><br><br>**NO. 25-2157-KSM** |

**MEMORANDUM**

**Marston, J.**                                                                                **March 11, 2026**

Pro se plaintiff David A. Harris brings a bare-bones complaint for declaratory and injunctive relief and money damages against four federal agencies, the United States Department of State, United States Citizenship and Immigration Services, Immigration and Customs Enforcement (together, the "Federal Defendants"); Shemeca Mullings-Harris; Gracia Edwards (Ashroc); John Doe #1 (Steven); the Honorable Betsy Wahl of the Philadelphia County Court of Common Pleas ("Judge Wahl"); and Child Protective Services.  Harris alleges violations of his Fifth and Fourteenth Amendments.  (Doc. No. 1.)  Presently before the Court are motions to dismiss filed by Judge Wahl (Doc. No. 7) and the Federal Defendants (Doc. No. 9).  Harris opposes both motions.  (Doc. Nos. 11, 12.)  For the reasons below, the Court grants both Defendants' motions to dismiss.

## I.    FACTUAL BACKGROUND[1]

Harris alleges that an individual named Shemeca Mullings-Harris[2] "knowingly submitted false claims and documentation to federal immigration authorities, including USCIS and the State Department, in violation of 18 U.S.C. § 1001." (Doc. No. 1 at ¶ 16.)  He claims that "[t]hese false representations resulted in administrative outcomes favorable to Defendant Mulling-Harris and adverse to Plaintiff's legal standing and custodial rights."[3]  (*Id.* at ¶ 17.) Harris alleges that Judge Wahl and Child Protective Services "acted in coordination or with knowledge of these fabrications and denied Harris procedural due process in violation of the Fifth and Fourteenth Amendments."  (*Id.* at ¶ 18.)  Harris also asserts that the Federal Defendants "failed in their duty under the APA (5 U.S.C. § 706) to conduct fair, thorough, and unbiased investigations before issuing administration determinations."[4]  (*Id.* at ¶ 19.)  Harris alleges that as a result of these actions, he has suffered emotional distress, reputational harm, and the infringement of his constitutional and civil rights due to the collective and individual actions of all Defendants.  (*Id.* at ¶ 20.)

---

[1] The Court recognizes that Harris has provided far more detail describing his factual allegations in his responses to Defendants' motions to dismiss than he provided in his Complaint.  However, parties may not assert new facts or assert new claims in response to a motion to dismiss.  *See Gueson v. Feldman*, No. 00-cv-1117, 2002 WL 32308678, at *4 (E.D. Pa. Aug. 22, 2002) ("A plaintiff may not raise new claims in response to a motion to dismiss"); *Hammond v. City of Philadelphia*, No. 00-cv-5082, 2001 WL 823637, at *2 (E.D. Pa. June 29, 2001) ("A party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion.").  As such, the Court relies on the factual allegations as provided in Harris's Complaint (Doc. No. 1).

[2] It is only in Harris's responses to Defendants' motions to dismiss that he identifies Shemeca Mullings-Harris as his former spouse.  (*See* Doc. Nos. 11, 12.)

[3] Harris does not further describe what claims or documentation were submitted, or what was false about this alleged submission.

[4] Harris does not provide any further information about what investigation or what determination he refers to in his Complaint.

2

Harris brings this action pursuant to:  (1) 42 U.S.C. § 1983; (2) 18 U.S.C. § 1512(c); (3) the Administrative Procedure Act ("APA"), codified in part at 5 U.S.C. § 551, and (4) the United States Supreme Court's ruling in *Department of State v. Muñoz*, 602 U.S. 899 (2024).  (*Id.* at ¶ 2.)  Under those purported authorities, he brings four claims: (1) violations of 42 U.S.C. § 1983 against Judge Wahl and Child Protective Services; (2) violations of 18 U.S.C. § 1001 against "Private and Federal Defendants" including Defendants Mullings-Harris, Edwards, and Doe #1 (Steven); (3) violations of the APA against the Federal Defendants; and (4) violations of the Fifth and Fourteenth Amendments against all Defendants.  (*Id.* at 4.)  Harris asks for the Court to declare that all Defendants' actions violated his constitutional and statutory rights; enjoin all Defendants from further using or relying on any fraudulent submissions or proceedings; award Harris compensatory and punitive damages; award reasonable attorneys' fees; and grant any other relief that the Court deems just and proper.  (Doc. No. 1 at 4–5.)

## II.    PROCEDURAL HISTORY

Plaintiff filed his Complaint on April 28, 2025.  (Doc. No. 1.)  On July 9, 2025, Judge Wahl filed a motion to dismiss seeking dismissal based on Eleventh Amendment immunity, judicial immunity, failure to plead sufficient facts, and improper service under Federal Rule of Civil Procedure 4(e).[5]  (Doc. No. 7.)  And, on July 29, 2025, the Federal Defendants filed a motion to dismiss seeking dismissal based on sovereign immunity, failure to state a claim upon which relief can be granted, and improper service under Federal Rule of Civil Procedure 4(i)(2).[6]

---

[5] As the Court dismisses Judge Wahl from this action based on Eleventh Amendment immunity, we do not reach her arguments based on judicial immunity and failure to plead sufficient facts pursuant to Federal Rule of Civil Procedure 12(b)(6), and improper service under Federal Rule of Civil Procedure 4(e).

[6] As the Court dismisses the Federal Defendants from this action based on sovereign immunity, we do not reach their arguments that Harris has not pled sufficient facts to state a claim upon which relief

(Doc. No. 9).  The Court ordered Harris to file a response to the two motions to dismiss by September 19, 2025.  (*Id.*)  On September 19, 2025, Harris filed responses in opposition to Defendants' motions to dismiss.  (See Doc. Nos. 11, 12.)[7]  As the matter is fully briefed, it is ripe for resolution.

### III.    LEGAL STANDARDS

Judge Wahl's assertion of Eleventh Amendment immunity and the Federal Defendant's assertion of sovereign immunity are properly considered "motion[s] to dismiss the complaint for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1)."  *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996).  And "because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction [as to all defendants] if it is in doubt."  *Nesbit v. Gears Unlimited*, Inc., 347 F.3d 72, 76–77 (3d Cir. 2003) (internal citations omitted).

"Rule 12(b)(1) governs jurisdictional challenges to a complaint."  *Williams v. Litton Loan Servicing*, No. 16-cv-5301, 2018 WL 6600097, at *5 (D.N.J. Dec. 17, 2018).  "In deciding a motion under Rule 12(b)(1), a court must first determine whether the movant presents a facial or factual attack, because that distinction determines how the pleadings are reviewed."  *Orden v. Borough of Woodstown*, 181 F. Supp. 3d 237, 243 (D.N.J. Dec. 11, 2015); *see also Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3rd Cir. 2000) ("A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction.").  Here, Judge

---

can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), or that service has not been properly effectuated in accordance with Federal Rule of Civil Procedure 4(i)(2).  (Doc. No. 9.)

[7] On August 26, 2025, the Court ordered Harris to make proper service on Defendants Child Protective Services, Garcia Edwards, and Shemeca Mullings-Harris by September 12, 2025.  (Doc. No. 10.)  As of the date of this Memorandum, Harris has failed to do so and, in a contemporaneously filed Order, the Court dismisses Harris's Complaint against these Defendants.

Wahl and the Federal Defendants bring a facial challenge because they "contest[ ] the sufficiency of the complaint because of a defect on its face." *Williams v. Litton Loan Servicing*, 2018 WL 6600097, at *5 (D.N.J. Dec. 17, 2018) (quotation marks omitted). "Thus, we consider whether Plaintiffs' allegations, attached documents, and referenced proceedings establish the necessary jurisdiction . . . ." *Myers v. Caliber Home Loans, Seterus, Inc.*, 2019 WL 4393377, at *3 (M.D. Pa. Sept. 13, 2019).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). But "an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (cleaned up) (emphasis in original). The Court may also "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011) (internal quotations omitted).

As Harris is proceeding pro se, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). But he "still must allege sufficient facts" in his complaint "to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV.    DISCUSSION

The Court finds both the claims against Judge Wahl and the Federal Defendants fail under the doctrines of Eleventh Amendment immunity and sovereign immunity. We address each in turn below.

### A.    Claims Against Judge Wahl

Judge Wahl argues that Harris's claims against her (Counts I and IV) are barred by the immunity provision of the Eleventh Amendment.  (Doc. No. 7 at 7–9.)  In opposition, Harris argues that Eleventh Amendment immunity does not apply to Judge Wahl's conduct because she "acted outside of the scope of her authority by suppressing evidence, mocking law enforcement testimony, and retaliating against Plaintiff for raising legitimate safety concerns."  (Doc. No. 12 at 2.)  The Court agrees with Judge Wahl that she is immune from liability in this suit pursuant to the Eleventh Amendment as a judicial officer of the Pennsylvania Supreme Court, and no exception applies.

"Generally, states are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). A suit against a state official in her official capacity is deemed a suit against the state.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Judge Wahl is an officer of the Pennsylvania Supreme Court, pursuant to 42 Pa. C.S.A. ¶ 301(4).  Harris explicitly states in his Complaint that he brings claims against Judge Wahl in her official capacity.  (Doc. No. 1 at ¶ 14.)  When a state official is sued in an official capacity, the party in interest is the government entity of which the official is an agent.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  The Pennsylvania Constitution identifies all state courts as part of the Commonwealth of Pennsylvania.  Pa. Const. art. V, §§ 1(c), 10(a). Accordingly, Judge Wahl is entitled to protection from Harris's claims in this action under the Eleventh Amendment.

There are three exceptions to Eleventh Amendment immunity: "(1) congressional abrogation, (2) waiver by the state, (3) suits against individual state officers for prospective injunctive relief and declaratory relief to end an ongoing violation of federal law . . . The third exception [] is the doctrine of *Ex Parte Young*." *Pa. Fed'n of Sportsmen Clubs' Inc. v. Hess*, 297

F. 3d 310, 323 (3d Cir. 2002).  The Court finds that none of these exceptions apply to Harris's claims against Judge Wahl.

Harris seeks money damages, declaratory relief, and injunctive relief.  (Doc. No. 1 at 4–5.)  As to Harris's damages claim, "it is well established that Pennsylvania has not waived this immunity from suit in federal court and that Congress, in enacting 42 U.S.C. §§ 1983 and 1985, did not abrogate this immunity[.]" *Concklin v. Anthou*, 495 F. App'x 257, 263 (3d Cir. 2012). And the third exception does not "rescue" Plaintiff's claims seeking declaratory and injunctive relief from dismissal.  (Doc. No. 7 at 8.)  *See generally Ex Parte Young*, 209 U.S. 123 (1908). "In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md, Inc. v. Pub. Serv. Com'n of Md.*, 535 U.S. 635, 645 (2002) (cleaned up).  Here, there is no dispute that Harris seeks prospective relief.  (*See* Doc. No. 1 at 1.)  So the only question is whether Judge Wahl is engaged in an "*ongoing violation* of federal law."  *Id.* (emphasis added). But the Complaint contains no facts that demonstrate Judge Wahl is violating federal law.[8]

Thus, Harris's allegations in his complaint are insufficient to overcome the Eleventh Amendment immunity bar and Harris's § 1983 and due process claims (Counts I and IV) against Judge Wahl must be dismissed.

### B.   Claims Against The Federal Defendants

---

[8] The Complaint alleges that Judge Wahl "denied Plaintiff procedural due process in violation of the Fifth and Fourteenth Amendments." (Doc. No. 1 at ¶ 18) (emphasis omitted). He alleges that Shemeca Mullings-Harris "knowingly submitted false claims and documents to federal immigration authorities" which "resulted in administrative outcomes favorable to [her] and adverse to Plaintiff's legal standing and custodial rights" and that Judge Wahl "acted in coordination or with knowledge of [alleged] fabrications." (Doc. No. 2 at ¶ 16–18.)  Plaintiff does not expand on these allegations.

The Federal Defendants' motion to dismiss similarly contends that the Court lacks subject matter jurisdiction to hear any of Harris's claims because he has not identified a clear and specific waiver of sovereign immunity.  (Doc. No. 9 at 7–18.)  In response, Harris argues that sovereign immunity does not bar constitutional claims "when constitutional rights are violated." (Doc. No. 11 at 5.)  The Court agrees with the Federal Defendants.

"It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit." *United States v. Bein*, 214 F. 3d 408, 412 (3d Cir. 2000) (citing *United States v. Mitchell*, 463 U.S. 206, 212(1983)).  Moreover, when the Government does consent to be sued, "the terms of [the] waiver of sovereign immunity define the extent of the court's jurisdiction."  *United States v. Mottaz*, 476 U.S. 834, 841 (1986). "[W]aivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed,'" and any such waiver must be construed strictly in favor of the sovereign.  *United States v. Nordic Village*, Inc., 503 U.S. 30, 33–34 (1992).  The Court agrees with the Federal Defendants that no waiver of sovereign immunity has attached to Harris's claims against Federal Defendants for violations of 42 U.S.C. § 1983, 18 U.S.C. § 1001, the APA, and his alleged due process claim pursuant to the Fifth and Fourteenth Amendments.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities.").  Since there is no waiver of sovereign immunity for Harris's claims against Federal Defendants, Harris's claims may not proceed.

V.    **CONCLUSION**

For the reasons set forth above, both Judge Wahl's and the Federal Defendants' motions to dismiss are granted.  An accompanying order follows.